UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**,

v.

**JAKE MAXWELL,**

    **Defendant.**

Case No. 1:22-CR-00099-RJL

## DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

Defendant, Jake Maxwell, files this motion to dismiss counts One, Two, Three, Four, Five, Six and Seven of the Indictment filed on March 25, 2022 pursuant to Fed. R. Crim. P. 12(b). For the reasons discussed below, these counts fail to state a cognizable offense, are lacking in specificity, and fail to provide adequate notice of the offenses charged. Additionally, Count One is unconstitutionally vague, overbroad, and infringes on Defendant Maxwell's First Amendment Rights.

## BACKGROUND

On February 9, 2022, the District of Columbia issued a criminal complaint charging Jake Maxell (hereinafter, "Defendant" or "Mr. Maxwell") with the following: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4); and Acts of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F). Mr. Maxwell was arrested the following day in the Northern District of Georgia. On February 17, 2022, Mr. Maxwell made his initial appearance in the United States District Court for the District of Columbia, and on

1

March 25, 2022, he was indicted on the same offenses charged in the complaint.

The charges stem from the events of January 6, 2021, during which the Government alleges that Mr. Maxwell committed acts of violence and knowingly entered and remained in a restricted area within the United States Capitol. It is further alleged that Mr. Maxwell committed an act constituting assault. However, the Government in its indictment fails to allege with any semblance of specificity *what* acts Mr. Maxwell committed which constitute violence or assault, leaving Mr. Maxwell with no meaningful way to defend himself against the allegations. Similarly, the Government at no point alleges that Mr. Maxwell so much as steps foot in the Capitol building. For the below reasons, Mr. Maxwell respectfully requests this Court enter an Order dismissing each count of the indictment.

## ARGUMENT

An individual "may raise by pretrial motion any defense, objection, or request that the Court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(3). Rule 12 provides that a defendant may also move to dismiss the Indictment for "failure to state an offense" or "lack of specificity." Fed. R. Crim. P. 12(b)(3)(B)(iii),(v).

> I. **Count One Must be Dismissed for Failing to State an Offense, Lacking Specificity, and being Unconstitutionally Vague, Overly Broad and Failing to Provide Sufficient Notice.**

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7. "[A]n indictment must provide the defendant sufficient detail to allow him to prepare a defense, to defend against a subsequent prosecution for the same offense, and to ensure that he is prosecuted based upon the facts presented to the grand jury." *U.S. v. Apodaca*, 275 F. Supp. 3d 123, 153 (D.D.C. 2017)(internal citations omitted). Furthermore, the First Circuit has stated,

> A vital function of an indictment is to provide 'such description of the particular act alleged to have been committed by the accused as will enable him properly to defend against the accusation * *

> *.' This principle is derived directly from the Sixth Amendment's guarantee of the right of an accused 'to be informed of the nature and cause of the accusation * * *' and is basic to the proper functioning of our adversary system of justice. Without sufficient information to identify that conduct which the grand jury has deemed adequate to support an indictment, an accused is at a material disadvantage in meeting the charge against him.

*U.S. v. Tomasetta*, 429 F.2d 978, 979 (1st Cir. 1970)(internal citations omitted); See generally U.S. Const. amend. VI.

In sum, the relevant inquiry when assessing the content of an indictment is "whether the indictment as a whole conveys sufficient information to properly identify the conduct relied upon by the grand jury in preferring the charge." *Id.*

### A. Count One Must be Dismissed for Failing to State an Offense and Lacking Specificity.

While the language of a statute may be used in an indictment to describe an offense, the description must be accompanied by factual allegations sufficient to place a criminal defendant on notice of the specific nature of the offense for which he is accused. *Russell v. U.S.*, 369 U.S. 749, 765 (1962). In *Russell*, the Supreme Court reversed the lower court's decision and found that the indictments charging defendants with refusing to answer certain questions before a congressional subcommittee were insufficient, as "they did not identify the subject under inquiry at time of defendants' alleged default or refusal to answer." *Id*. In coming to this conclusion, the Court found that, "[w]here guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." *Id*. at 764; *see also*, *U.S. v. Conlon*, 481 F. Supp. 654, 669 (D.D.C. 1979)(holding that "[w]here the statute omits an essential element of the offense, or the statute contains general or generic terms, it is not enough for the indictment to allege that elements merely by tracking the language of the statute."). In *U.S. v. Murphy,* the First Circuit similarly dismissed an indictment

that simply parroted the relevant statutory language as defective, and found that the indictment did not "adequately apprise the defendants of the charges against them." 762 F.2d 1151, 1155 (1st Cir. 1985).

The indictment in the present case is akin to those in *Russell* and *Murphy*. Count One of the indictment charges Mr. Maxwell with Civil Disorder, in violation of 18 U.S.C.A. § 231(a)(3), which states that:

> Whoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function— Shall be fined under this title or imprisoned not more than five years, or both.

The indictment, aside from inserting Mr. Maxwell's name and the date of alleged offense, merely parrots the Civil Disorder statute. A plain reading of Count One fails to reveal *any* detail about who the supposed victim of this offense might be, what agency he or she may work for, or what lawful duties he or she was performing at the time of the alleged offense and by what authority he or she was performing said duties. Count One also fails to provide any insight into what acts Mr. Maxwell is alleged to have committed or attempted to commit to obstruct, impede, or interfere with this mysterious victim. As such, the Government is asking Mr. Maxwell to defend himself against allegations that he committed an unknown action against an unknown individual of unknown authority conferred by a person or entity unknown. Further, the Government is essentially asking this Court and Mr. Maxwell to take its word, without any evidence represented at all, that the actions it believes Mr. Maxwell committed constitute violations of federal law. "How" is left to the imagination. Therefore, Count One must be dismissed for failure to state an

offense and for lack of specificity.

### B. Count One Should be Dismissed for being Unconstitutionally Vague, Overly Broad and Failing to Provide Sufficient Notice.

In *U.S. v. Harriss*, the Supreme Court held that "[t]he constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." 347 U.S. 612, 617 (1954). Stated differently, an individual cannot be held criminally responsible for conduct which the individual could not reasonably have understood to be prohibited. *Id.* "The touchstone is whether the statute, either standing alone or as construed by the courts, made it reasonably clear at the time of the charged conduct that the conduct was criminal." *U.S. v. Lanier*, 520 U.S. 259, 259 (1997).

Further, when the statute in question also threatens an individual's First Amendment Rights, the statute must be analyzed under a stricter test for vagueness. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982)(citing *Grayned v. City of Rockford*, 408 U.S. 104, 109 (1972)). Pursuant to the overbreadth doctrine of the First Amendment, "a statute is facially invalid if it prohibits a substantial amount of protected speech." *U.S. v. Williams*, 553 U.S. 285, 293 (2008). The statute may not be more broad than necessary to serve the government's substantial interest. *Board. of Trustees of State U. of New York v. Fox*, 492 U.S. 469, 476 (1989).

In the present matter, the Civil Disorder statute unduly interferes with Mr. Maxwell's constitutional rights to peaceably assemble and his freedom of speech.

#### i. Section 231(a)(3) is Unconstitutionally Vague.

The government deprives an individual of their fundamental right to due process when an individual's life, liberty or property is taken away under a criminal statute that is "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. U.S.*, 576 U.S. 591, 595 (2015). "Vague laws also undermine

5

the Constitution's separation of powers and the democratic self-governance it aims to protect."
*U.S. v. Davis*, 139 S. Ct. 2319, 2325 (2019). "Only the people's elected representatives in the legislature are authorized to 'make an act a crime.'" *Id.*(internal citations omitted). The Supreme Court has offered the following guidance for determining whether a statute is unconstitutionally vague:

> It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute 'abut(s) upon sensitive areas of basic First Amendment freedoms,' it 'operates to inhibit the exercise of (those) freedoms.' Uncertain meanings inevitably lead citizens to "steer far wider of the unlawful zone' . . . than if the boundaries of the forbidden areas were clearly marked.'

*Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)(internal citations omitted).

As such, in determining whether a statute is unconstitutionally vague, the Court must consider whether the statute: (1) prohibits an individual of ordinary intelligence from determining what conduct is prohibited; (2) precludes consistent objective delegation of laws and policies; and (3) abridges upon an individual's First Amendment rights. *Id*.

Section 231(a)(3) meets each of the criteria listed above. First, a person of ordinary intelligence would not be able to deduce what conduct the statute prohibits. For reference, Section 231(a)(3) provides:

6

> Whoever commits or attempts to commit **any act to obstruct, impede, or interfere** with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties' **incident to and during the commission of a civil disorder** which **in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function—**

18 U.S.C.A. § 231(a)(3) (emphasis added).

The range of conduct which may hypothetically fall under the purview of this statute is unreasonably vast. Based on a plain reading of this statute, it very well may be federal offense to jay-walk in front of an unmarked police car coincidentally on its way to a public disturbance. Similarly, an individual's phone alarm going off and distracting a police officer would rise to the level of a civil disorder. This is because the statute sets no requirement that an individual actually participate in or even be aware of the civil disorder in order to violate the statute.

It is also worth noting that Section 231(a)(3) penalizes conduct which, "in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function." First, as discussed above, the phrase "in any way or degree" criminalizes actions which have only a *de minimis* effect. This statute already has high potential to impinge on a citizen's right to peacefully assemble, and criminalizing *de minimis* or incidental conduct further undermines any legitimate purpose the statute may have.

The statute is also unconstitutionally vague as it pertains to the effect on "commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function." First, there exists no limiting concept on what adversely affects commerce. Whether it be obstructing a sale for a greeting card or hindering a multi-state land transaction, and everything in between, all are apparently subject to violating Section 231(a)(3).

7

Furthermore, the inclusion of "any federally protected function," is overarchingly vague, an ordinary person would have absolutely no idea what is not included in the statute, let alone understand what actually is governed by the statute.

A vague law impermissibly delegates basic policy and encourages arbitrary and discriminatory enforcement of laws and regulations. *See, U.S. v. Davis*, 139 S.Ct. 2319 (2019)(holding that "[v]ague statutes threaten to hand responsibility for defining crimes to relatively unaccountable police, prosecutors, and judges, eroding the people's ability to oversee the creation of the laws they are expected to abide"). In other words, vague statutes violate the Separation of Powers Doctrine by enabling those tasked with *enforcing* the law to also in a sense *create* the law. It is hopefully undisputed that the Civil Disorder statute was not intended to penalize the ridiculous examples provided above, such as an individual accidentally jay-walking in front of an unmarked police car on its way to a civil disturbance, yet Section 231(a)(3) as written would allow a law enforcement officer with animus toward an individual to arrest said person for a federal offense. Section 231(a)(3) provides law enforcement such overly-broad discretion that the statute itself is thus rendered unconstitutional. As such, Count One must be dismissed for being unconstitutionally overly vague.

**ii. Section 231(a)(3) is Unconstitutionally Overly Broad and Invalid Under the First Amendment.**

Section 231(a)(3) is a substantially overbroad regulation of protected speech because it imposes sharp criminal penalties on a wide range expressive conduct. "In the First Amendment context, a law may be invalidated as overbroad if 'a 'substantial number' of its applications are unconstitutional, 'judged in relation to the statute's plainly legitimate sweep.'" *U.S. v. Stevens*, 559 U.S. 460, 461 (2010)(internal citations omitted). Pursuant to the overbreadth doctrine of the First Amendment, "a statute is facially invalid if it prohibits a substantial amount of protected speech."

*U.S. v. Williams*, 553 U.S. 285, 293 (2008). The statute may not be more broad than necessary to serve the government's substantial interest. *Board. of Trustees of State U. of New York v. Fox*, 492 U.S. 469, 476 (1989).

"[The] First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Police Dept. of City of Chicago v. Mosley*, 408 U.S. 92, 95 (1972). To permit the continued building of our politics and culture, and to assure self-fulfillment for each individual, our people are guaranteed the right to express any thought, free from government c[e]nsorship." *Id*. at 95-96. Further, when the statute in question threatens an individual's First Amendment Rights, the statute must be analyzed under a stricter test for vagueness. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982)(citing *Grayned v. City of Rockford*, 408 U.S. 104, 109 (1972)).

The government evidently contends that Section 231(a)(3) extends to constitutionally protected speech and expressive conduct *even in excess* of the statute's already overly vague umbrella. Broad criminal statutes like Section231(a)(3) "must be scrutinized with particular care." *City of Houston v. Hill*, 482 U.S. 451, 459 (1987). "The standard of certainty in statutes punishing for offenses is higher than in those depending primarily upon civil sanction for enforcement, [and] crime must be defined with appropriate definiteness and there must be ascertainable standards of guilt." *Winters v. New York*, 333 U.S. 507 (1948)(internal citations omitted).

"A statute must be carefully drawn or be authoritatively construed to punish only unprotected speech and not be susceptible of application to protected expression." *Gooding v. Wilson*, 405 U.S. 518, 522 (1972). In *Gooding*, specifically in the context of the First and Fourteenth Amendments, the Supreme Court evaluated whether a statute was unconstitutionally vague and overbroad when balanced against free speech. The statute there stated, "[any] person

9

who shall, without provocation, use to or of another, and in his presence ... opprobrious words or abusive language, tending to cause a breach of the peace ... shall be guilty of a misdemeanor." *Id*.

The Court found that the Georgia legislature had not tailored the statute to be applicable to "'fighting' words 'which by their very utterance ... tend to incite an immediate breach of the peace," and as such the statute was on its face unconstitutionally vague and overbroad under the First and Fourteenth Amendments. *Id.*(internal citations omitted). In coming to this conclusion, the Court agreed with the United States District Court for the Northern District of Georgia, which found that, "[t]he fault of the statute is that it leaves wide open the standard of responsibility, so that it is easily susceptible to improper application."

Further, the Supreme Court has deemed an ordinance overbroad and facially invalid where the ordinance had a "broader sweep than the constitutional definition of 'fighting words' as being words 'which by their very utterance inflict injury or tend to incite an immediate breach of the peace." *Lewis v. City of New Orleans*, 415 U.S. 130, 130 (1974)(internal citations omitted). In *Lewis*, the statute at issue (according to the Court) stated, "[i]t shall be unlawful and a breach of the peace for any person wantonly to curse or revile or to use obscene or opprobrious language toward or with reference to any member of the city police while in the actual performance of his duty." *Id.* at 132. The Court found that the Louisiana legislature "made no meaningful attempt to limit or properly define" certain language in the statute, making it "susceptible of application to protected speech." *Id*. at 133-134.

Similar to the statutes in *Gooding* and *Lewis*, the statute at issue here leaves open the standard of responsibility, and is susceptible to improper application. By penalizing "any act," the statute does not exclude those acts that are protected by the First Amendment. As discussed in detail above, "any act," is vague and as all-inclusive as possible making the language

constitutionally overreaching. By the government's logic, any interference, any movement, any tangential relation to commerce, makes an individual susceptible to being charged with the federal statute. Therefore, Count One should be dismissed as unconstitutionally overbroad and violative Mr. Maxwell's First Amendment rights.

  **II.**  **Counts Two and Three Should be Dismissed for Failing to State an Offense and Lacking Specificity.**

"A vital function of an indictment is to provide 'such description of the particular act alleged to have been committed by the accused as will enable him properly to defend against the accusation'." *U.S. v. Tomasetta*, 429 F.2d 978, 979 (1st Cir. 1970)(internal citations omitted). In *Tomasetta*, the defendant was accused of making undefined threats to an unnamed individual on a particular day in an average sized city. 429 F.2d 978, 979 (1st Cir. 1970). The defendant appealed his conviction, stating that his indictment lacked specificity because his indictment "fail[ed] to name the victim of the alleged extortionate collection, to locate the offense with specificity, to describe in sufficient detail the extortionate means charged, and to allege federal jurisdiction." *Id*. The Court determined that the indictment was deficient on its face, ruling that the government failing to name the victim was a fatal mistake. *Id*.

Count Two charges Mr. Maxwell with Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1), yet similar to the indictment at issue in *Tomasetta,* the present indictment fails to define the offense as applicable to Mr. Maxwell with any specificity. The Government sets forth in the present case that Mr. Maxwell did "forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any members of the uniformed services), that is, an officer from the United States Capitol Police Department…" This count must be dismissed for nearly identical reasons as those set forth above for Count One. The charge fails to provide

11

any specific allegations regarding the supposed "act" committed by Mr. Maxwell, identify the alleged victim, or state what official duties he or she was engaged in at the time of the alleged offense.  Count Three charges Mr. Maxwell with the same offense as Count Two.  While Count Three finally names a purported victim, it still fails to identify what act Mr. Maxwell supposedly committed and what duties the alleged victim was engaged in to make this statute applicable. For the above reasons, Counts Two and Three of the Indictment should be dismissed.

### III. Counts Four, Five and Six Should be Dismissed for Failing to State an Offense and as Lacking Specificity

Count Four accuses Mr. Maxwell of Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. §1752(a)(1), by again parroting the language of the statute.  It states that Mr. Maxwell "knowing[ly] enter[ed] and remain[ed] in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, whether the Vice President was and would be temporarily visiting, without lawful authority to do so." To violate 18 U.S.C § 1752(a)(1), a person must knowingly enter or remain "in any restricted building or grounds without lawful authority to do so." A "restricted building or grounds" is defined as "any posted, cordoned off, or otherwise restricted area . . . of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(b). As discussed in detail above, an indictment must include a description of facts that gives a criminal defendant notice of the specific offense for which he is being accused. *See, Russell,* supra.

The Government in the indictment does not allege what building or grounds, if any, Mr. Maxwell entered. Similar to each of the counts discussed above, Count Four of the indictment fails to present any specific allegations as to how Mr. Maxwell purportedly violated this statute, depriving him of any meaningful opportunity to defend himself.  The grounds immediately

12

surrounding the Capitol are just over 58 acres.[1] The Capitol Grounds and Arboretum jurisdiction encompass 286 acres of land.[2]  Without providing Mr. Maxwell with an exact location where he was prohibited from being, it is impossible to determine whether this statute was in fact applicable to said location at the alleged time of the offense.  Therefore, Count Four should be dismissed for failing to state an offense and as lacking in specificity.

For the same reasons set forth for Count Four, Count Five charging Mr. Maxwell with Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. §1752(a)(2), should also be dismissed.  Count Five, again, fails to allege what building, if any, Mr. Maxwell entered, what area allegedly cordoned off, or where Mr. Maxwell was standing at any relevant time. The Government alleges no specific act or acts that Mr. Maxwell completed, let alone any act(s) that rises to the level of disorderly and disruptive conduct. Without such information, it is not possible for Mr. Maxwell to defend himself, as it is not clear what crime Mr. Maxwell is alleged to have committed.

The Government charged Mr. Maxwell at Count Six with Engaging in Physical Violence in a Restricted Building or Grounds, in violation of  18 U.S.C. §1752(a)(4) claiming Mr. Maxwell with "knowingly engag[ing] in any act of physical violence against any person or property in any restricted building or grounds." In a similar way as discussed in detail above with respect to Count One, Count Six gives absolutely no facts to define what "act of violence" Mr. Maxwell allegedly committed. Furthermore, as with Counts Four and Five, Count Six fails to establish the area where Mr. Maxwell stood was that was "cordoned off" or "off limits." Rather, the indictment alleges a general location that Mr. Maxwell occupied.  That general location, in fact, is a very large

---

[1] https://www.aoc.gov/explore-capitol-campus/buildings-grounds/capitol-building/capitol-grounds
[2] https://www.aoc.gov/about-us/organizational-structure/office-chief-operations/capitol-grounds-arboretum-jurisdiction

geographic area outside of the United States Capitol. Therefore, the Court should dismiss Count Six for failing to state an offense and as lacking in specificity.

### IV. Count Seven Should be Dismissed for Failing to State an Offense and as Lacking Specificity

Count Seven, as alleged, fails to give Mr. Maxwell any notice of what he did that violates federal law. Rather, as alleged in the Indictment, the Government states that Mr. Maxwell "engaged in an act of physical violence" without further specification. At its core, "[a] crime is made up of acts and intent; and these must be set forth in the indictment with reasonable particularity of time, place, and circumstances." *U.S. v. Hess*, 124 U.S. 483, 487–88 (1888)(internal citations omitted). The "act of violence" language fails to set forth *what* act, and instead leaves Mr. Maxwell guessing what specific conduct he engaged in that the government claims was criminal. The result is that Mr. Maxwell cannot properly defend against the accusations laid at his feet because the Government failed to tell him what the accusation against him even is. *See Tomasetta*, *supra*. Therefore, Count Seven should be dismissed for failing to state an offense and as lacking in specificity.

## CONCLUSION

For the above reasons, Mr. Maxwell respectfully requests this Court enter an Order dismissing Counts One, Two, Three, Four, Five, Six, and Seven of the Indictment.

Respectfully submitted,

BY: */s/ Michael T. van der Veen*
    Michael T. van der Veen
    Attorney for Plaintiff
    Pennsylvania Bar ID #: 75616
    1219 Spruce Street,
    Philadelphia, PA 19107
    Email: mtv@mtvlaw.com
    P: (215)-546-1000
    F: (215)-546-8529

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of March, 2023 a copy of the foregoing *Motion to Dismiss* was electronically filed with the Clerk of the United States District Court using CM/ECF, with a notice of said filing to the following:

Counsel for the Government:                                         Elizabeth N. Eriksen
                                                              1301 New York Ave., N.W., Room 849
                                                                          Washington, DC 20530
                                                                              (202) 616-4385
                                                                  Elizabeth.Eriksen@usdoj.gov


                                                                 /s/ Michael T. van der Veen
                                                                 Michael T. van der Veen, Esq.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | Case No. 22-mj-00025-RMM |
| **JAKE MAXWELL,** | |
| **Defendant.** | |

### ORDER GRANTING MOTION TO DISMISS THE INDICTMENT

Upon consideration of Defendant Jake Maxwell's Motion to Dismiss the Indictment, it is HEREBY ORDERED that Defendant's Motion is GRANTED.

IT IS SO ORDERED.

DATED:

_____
The Honorable Richard J. Leon
United States District Judge