**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **CASE NO. 22-cr-99 (RJL)** |
| **v.** | **:** | |
| | **:** | |
| **JAKE MAXWELL,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS ONE THROUGH SEVEN OF THE INDICTMENT

Defendant Jake Maxwell, who is charged in connection with events at the U.S. Capitol on January 6, 2021, has moved to dismiss Counts One (18 U.S.C. § 231(a)(3)), Two and Three (18 U.S.C. § 111(a)(1)), Four (18 U.S.C. § 1752(a)(1)), Five (18 U.S.C. § 1752(a)(2), Six (18 U.S.C. § 1752(a)(4)), and Seven (40 U.S.C. § 5104(e)(2)(F)) of the Indictment.  (ECF No. 44).

In his motion, Maxwell asserts that the conduct alleged in Count One – i.e., his impeding and interfering with law enforcement during a civil disorder – does not violate Section 231(a)(3) because the statute is vague, overly broad, fails to provide sufficient notice and specificity, and criminalizes First Amendment speech. Maxwell further asserts that Counts Two, Three, Four, Five, Six and Seven should be dismissed for failing to state an offense and lacking specificity.  Maxwell's contentions lack merit and should be rejected, just as all other judges in this District have rejected the challenges that Maxwell raises in his motion.[1]

---

[1] *See, e.g.*, *United States v. Gillespie*, No. 22-cr-60 (D.D.C. Nov. 29, 2022) (Howell C.J.); *United States v. Jensen*, 21-cr- 6 (D.D.C. August 26, 2022) (Kelly, J.); *United States v. Strand*, 21-cr-85 (D.D.C. August 17, 2022) (Cooper, J.); *United States v. Bingert*, 21-cr-91, 2022 WL 1659163, at

## FACTUAL BACKGROUND

*General Facts*

At 1:00 p.m., on January 6, 2021, a Joint Session of the United States Congress convened in the United States Capitol building. The Joint Session assembled to debate and certify the vote of the Electoral College of the 2020 Presidential Election. With the Joint Session underway and with Vice President Mike Pence presiding, a large crowd gathered outside the U.S. Capitol. As early as 12:50 p.m., certain individuals in the crowd forced their way through, up, and over erected barricades. The crowd, having breached police officer lines, advanced to the exterior façade of the building. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from  entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol. At approximately 2:20 p.m., members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to – and did – evacuate the chambers.

*Facts Specific to Defendant Maxwell*

Maxwell was among those who unlawfully entered the grounds of the U.S. Capitol and assaulted law enforcement officers on January 6, 2021. Maxwell traveled with his father and a friend to Washington, D.C., from his home in Georgia with the purpose of

---

*7-*11 (D.D.C. May 25, 2022) (Lamberth, J.); *United States v. Puma*, 21-cr-454, 2022 WL 823079, at *12 n.4 (D.D.C. Mar. 19, 2022) (Friedman, J.); *United States v. Bozell*, 21-cr-216, 2022 WL 474144, at *5 (D.D.C. Feb. 16, 2022) (Bates, J.); *United States v. Nordean*, 21-cr-175, 2021 WL 6134595, at *6-*8 (D.D.C. Dec. 28, 2021) (Kelly, J.); *United States v. Mostofsky*, No. 21-cr-138, 2021 WL 6049891, at *11 (Dec. 21, 2021) (Boasberg, J.); *United States v. Nassif*, No. 21-cr-421 (JDB), 2022 WL, 4130841, at *2–*8 (D.D.C. Sept. 12, 2022); *United States v. Seitz*, 21-cr-279 (DLF), Dkt. No. 51 at 11-19 (D.D.C. Aug. 18, 2022), *United States v. St Cyr,* No. 22-cr-185 (JDB) (D.D.C. Feb. 22. 2023, ECF No. 63) .

attending the "Stop the Steal" rally to be held on January 6, 2021.  They then walked from the rally to the grounds of the U.S. Capitol.

After entering the grounds of the U.S. Capitol, Maxwell was stopped by a line of metal barricades supported by U.S. Capitol Police ("USCP") and Metropolitan Police Department ("MPD") Officers in the lower Western Plaza of the U.S. Capitol.

Just before 2:30 p.m., Maxwell was part of the group that broke through the police line on the West Plaza.  During and as part of that breach, he assaulted two officers.  He first banged on and pushed the riot shield of an unidentified USCP officer.

Maxwell then moved forward to MPD Ofc. L. H., first hooking his arm around Ofc. L. H.'s baton, and then grabbing and pulling on it after Ofc. L. H. fended off his first attack.  During the assaults, Maxwell's father is seen on video trying to pull him back and restrain him.







Maxwell and the other two men he was with made their way to the Lower West Terrace Tunnel after walking up the stairs, and under the scaffolding, from the Upper West Plaza after breaching the police line between the Lower West Plaza and Upper West Plaza, which is where Maxwell committed the assaults. At the time Maxwell was located just

outside the Lower West Terrace Tunnel, other rioters were beating on officers' shields with baseball bats and crutches.

On December 9, 2021, Maxwell voluntarily traveled to the FBI office in Atlanta where he met with agents and consented to an interview. During the interview, Maxwell identified himself in body worn camera ("BWC) footage in which Maxwell can be seen physically struggling with police officers protecting the Capitol during the riot and grabbing an officer's baton.

## PROCEDURAL HISTORY

Based on his actions on January 6, 2021, Maxwell was charged by criminal complaint on February 9, 2022, with Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4); and Acts of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F). (ECF No. 1.) The defendant was arrested in Georgia, on February 10, 2022, and he made his initial appearance in this district on February 17, 2022. On March 25, 2022, the defendant was indicted on the same charges detailed above. (ECF No. 24.) On April 25, 2022, Maxwell was arraigned on the indictment, which he now moves to dismiss in its entirety. (ECF No. 44.)

## LEGAL STANDARD

An indictment is sufficient under the Constitution and Rule 7 of the Federal Rules

of Criminal Procedure if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," *Hamling v. United States*, 418 U.S. 87, 117 (1974), which may be accomplished, as it is here, by "echo[ing] the operative statutory text while also specifying the time and place of the offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). "[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). An indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976).

Rule 12 permits a party to raise in a pretrial motion "any defense, objection, or request that the court can determine *without a trial on the merits*." Fed. R. Crim. P. 12(b)(1) (emphasis added). It follows that Rule 12 "does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds" unless the Government "has made a *full* proffer of evidence" or the parties have agreed to a "stipulated record," *United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005) (emphasis added)—neither of which has occurred here.

Indeed, "[i]f contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.). Criminal cases have no mechanism equivalent to the civil rule for summary judgment. *United States v. Bailey*, 444 U.S. 394, 413, n.9 (1980) (motions for summary judgment are creatures of civil, not criminal trials); *Yakou*, 428 F.2d at 246-47 ("There is

no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context"); *United States v. Oseguera Gonzalez*, No. 20-cr-40-BAH at *5, 2020 WL 6342940 (D.D.C. Oct. 29, 2020) (collecting cases explaining that there is no summary judgment procedure in criminal cases or one that permits

pretrial determination of the sufficiency of the evidence).  Accordingly, dismissal of a charge does not depend on forecasts of what the Government can prove. Instead, a criminal defendant may move for dismissal based on a defect in the indictment, such as a failure to state an offense. *United States v. Knowles*, 197 F. Supp. 3d 143, 148 (D.D.C. 2016). Whether an indictment fails to state an offense because an essential element is absent calls for a legal determination.

Thus, when ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and more specifically, the language used to charge the crimes. *Bingert*, 21-cr-93 (RCL) (ECF 67:5) (a motion to dismiss challenges the adequacy of an indictment on its face and the relevant inquiry is whether its allegations permit a jury to find that the crimes charged were committed); *McHugh*, 2022 WL 1302880 at *2 (a motion to dismiss involves the Court's determination of the legal sufficiency of the indictment, not the sufficiency of the evidence); *United States v. Puma*, No. 21-cr-454 (PLF), 2020 WL 823079 at *4 (D.D.C. Mar. 19, 2022) (quoting *United States v. Sunia*, 643 F.Supp. 2d 51, 60 (D.D.C. 2009)).

## ARGUMENT

### I.      Count One

Count One of the Indictment charges Defendant Maxwell with impeding and interfering with law enforcement during a civil disorder, in violation of 18 U.S.C. §

231(a)(3). Defendant Maxwell argues that Section 231(a)(3), the civil disorder statute, is unconstitutionally vague and overbroad, and fails to provide sufficient notice. Judges in this district have rejected similar challenges to Section 231. *See Mostofsky*, 2021 WL 6049891, at *8–*9 (rejecting overbreadth challenges); *Nordean,* 2021 WL 6134595, at *16–*17 (rejecting vagueness and overbreadth challenges); *McHugh,* 21-cr-453 (JDB), ECF No. 51, at 28–37.[2] This Court should too.

### A. Vagueness Doctrine

An outgrowth of the Due Process Clause of the Fifth and Fourteenth Amendments, the "void for vagueness" doctrine prevents the enforcement of a criminal statute that is "so vague that it fails to give ordinary people fair notice of the conduct it punishes" or is "so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). To ensure fair notice, "generally, a legislature need do nothing more than enact and publish the law, and afford the citizenry a reasonable opportunity to familiarize itself with its terms and to comply." *United States v. Bronstein*, 849 F.3d 1101, 1107 (D.C. Cir. 2017) (citation omitted).

A statute is not unconstitutionally vague simply because its applicability is unclear at the margins, *United States v. Williams*, 553 U.S. 285, 306 (2008), or because reasonable jurists might disagree on where to draw the line between lawful and unlawful conduct in particular circumstances, *Skilling v. United States*, 561 U.S. 358, 403 (2010). A provision

---

[2] A number of courts outside this circuit have also recently rejected similar challenges to Section231. *See United States v. Phomma*, No. 20-465, 2021 WL 4199961, at *5 (D. Or. Sept. 15, 2021); *United States v. Rupert*, No. 20-cr-104 (NEB/TNL), 2021 WL 1341632, at *16–*20 (D. Minn. Jan. 6, 2021) (Report & Recommendation), *adopted*, 2021 WL 942101 (D. Minn. Mar. 12, 2021); *United States v. Pugh*, No. 1:20-cr-73-TFM, slip op. (S.D. Ala. May 13, 2021); *United States v. Wood*, No. 20-cr-56 MN, 2021 WL 3048448 (D. Del. July 20, 2021); and *United States v. Howard*, No. 21-cr-28-pp, 2021 WL 3856290 (E.D. Wis. Aug. 30, 2021).

is impermissibly vague only if it requires proof of an "incriminating fact" that is so indeterminate as to invite arbitrary and "wholly subjective" application. *Williams*, 553 U.S. at 306; *see Smith v. Goguen*, 415 U.S. 566, 578 (1974). A statutory provision is "not rendered unconstitutionally vague because it 'do[es] not mean the same thing to all people, all the time, everywhere.'" *Bronstein*, 849 F.3d at 1107 (quoting *Roth v. United States*, 354 U.S. 476, 491 (1957)). A statute is instead vague where it fails to specify any "standard of conduct . . . at all." *Coates v. Cincinnati*, 402 U.S. 611, 614 (1971).  A law is not vague because it "call[s] for the application of a qualitative standard . . . to real-world conduct; 'the law is full of instances where a man's fate depends on his estimating rightly . . . some matter of degree.'" *Johnson*, 576 U.S. at 603–04 (quoting *Nash v. United States*, 229 U.S. 373, 377 (1913)).

There is a strong presumption that a statute is not vague.  *See United States v. Nat'l Dairy Products Corp.*, 372 U.S. 29, 32 (1963). Other courts in this district have recognized that high bar. See *United States v. Gonzalez*, No. 20-cr-40 (BAH), 2020 WL 6342948, at *7 (D.D.C. Oct. 29, 2020); *see also United States v. Harmon*, No. 19-cr-395 (BAH), 2021 WL 1518344, at *4 (D.D.C. Apr. 16, 2021) (finding that the defendant did not meet the "stringent standard" to prevail on a Rule 12 vagueness motion).

### i.   Section 231 is Not Void for Vagueness

Federal legislation enjoys a presumption of constitutionality that may only be overturned "upon a plain showing that Congress has exceeded its constitutional bounds." *United States v. Morrison,* 529 U.S. 598, 607 (2000).  Defendant Maxwell cannot overcome this presumption.

Section 231(a)(3) is not constitutionally vague. *See McHugh,* 21-cr-453, ECF No. 51, at 23*; Nordean,* 2021 WL 6134595, at \*17.  It provides sufficient notice of the conduct it prohibits. The terms Defendant Maxwell attacks, such as "any act to obstruct, impede, or interfere" (ECF No. 49 at 7), do not carry the potential for misunderstanding or make the statute "so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015); *see also Nordean*, 2021 WL 6134596*,* at \*16 (observing that "there are specific fact-based ways to determine whether a 'defendant's conduct interferes with or impedes others,' or if a law enforcement officer is performing his official duties 'incident to and during' a civil disorder."). Like the challenge denied by this Court, Maxwell's motion "misunderstand[s]" vagueness: "There is a crucial difference between reasonable people differing over the meaning of a word and reasonable people differing over its application to a given situation—the latter is perfectly normal, while the former is indicative of constitutional difficulty." *McHugh,* 21-cr-453, ECF No. 51 at 23. Contrary to Maxwell's arguments, the statute's terms are thus quite different from statutory terms that courts have found to be vague, such as statutes that turn on subjective judgments of whether a defendant's conduct was "annoying" or "indecent," or those that depend on the victim's state of mind, as in the cases defendant cites.  *See Nordean,* 2021 WL 6134595, at \*16*; see also Williams*, 553 U.S. at 306; (citing *Coates*, 402 U.S. at 614, *United States v. Kozminski,* 487 U.S. 931, 949–50 (1988)). "An ordinary person would have an intuitive understanding of what is proscribed by a ban on obstructing, impeding, or interfering with law enforcement." *McHugh,* 21-cr-453, ECF No. 51, at 33.  In addition, Section 231(a)(3) is not unique; many state and federal statutes likewise criminalize "obstructing" the government's efforts to

enforce the law and maintain public order, and they have been upheld. *See, e.g.,* 26 U.S.C. § 7212(a) (prohibiting obstructing or impeding the administration of the tax laws); 18 U.S.C. § 2237 (making it unlawful to "oppose, prevent, impede, intimidate or interfere with" a maritime investigation); *United States v. Brice,* 926 F.2d 925, 930–31 (9th Cir. 1991) (rejecting overbreadth and vagueness challenges to 41 C.F.R. § 101-20.305, regulation prohibiting impeding or disrupting government duties).

Maxwell also claims that the language of the statue is vague and lack specificity because it "fails to provide any insight into what acts Mr. Maxwell is alleged to have committed or attempted to commit to obstruct, impede, or interfere with this mysterious victim. As such, the Government is asking Mr. Maxwell to defend himself against allegations that he committed an unknown action against an unknown individual of unknown authority conferred by a person or entity unknown. Further, the Government is essentially asking this Court and Mr. Maxwell to take its word, without any evidence represented at all, that the actions it believes Mr. Maxwell committed constitute violations of federal law. "How" is left to the imagination. (ECF No. 44 at 4) This argument, too, is meritless. "The crime set forth by the statute is not mere presence at a civil disorder . . . but an act committed during the course of such a disorder, so 'civil disorder' simply describes the environment in which the act must be committed in order to be subject to prosecution under § 231(a) (3)." *Mechanic*, 454 F.2d at 852; *see also Howard*, 2021 WL 3856290, at *14 ("[T]he statute does not require the government to prove that the defendant created the civil disorder, or that he was participating in the civil disorder.").

And even if a broad range of public gatherings could be deemed "civil disorders," Section 231(a)(3) criminalizes only particular conduct, not mere participation in such a

11

disorder.  The "civil disorder" language operates to <u>narrow</u> the situation where the statute may apply—unlike other statutes, which criminalize acts of obstruction, wherever they may take place.  *See* 26 U.S.C. § 7212(a) (criminalizing obstruction of tax laws).  The requirement that the *actus reus* take place in the context of a civil disorder does not make Section 231 vague; to the contrary, it limits its application.

Maxwell's vagueness claim also fails because his conduct clearly falls within the ambit of Section 231.  The Court must consider vagueness "as applied to the particular facts at issue, for a [defendant] who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applies to the conduct of others."  *Nordean,* 2021 WL6134595, at *17 (citing *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18–19 (2010) (cleaned up)); *see generally Wood*, 2021 WL 3048448, at *9 ("Defendant does not have standing to bring a facial vagueness challenge" to § 231(a)(3) because he failed to "demonstrate that [the statute] is vague as applied to his conduct").  The January 6, 2021, attack on the United States Capitol was clearly a "civil disorder" to which the police were called. And there is no question that Defendant Maxwell participated in the disorder.  Tracking the statutory language, the indictment alleges that he "commit[ted] an act to obstruct, impede, and interfere with a law enforcement officer."  (ECF No. 24) Maxwell crossed into the restricted grounds of the Capitol; broke through police barricades on the West Plaza; and assaulted law enforcement officers before making his way toward just outside the Lower West Terrace tunnel, where other rioters were beating on officers' shields with baseball bats and crutches. He was not a mere bystander. Maxwell has been provided with extensive discovery, including video footage of his conduct at the Capitol on January 6. Therefore, he cannot claim that he is, for example, unable to

determine what acts form the basis for the charges. The answer is apparent from the discovery, as well as from the facts alleged in the Criminal Complaint filed in this case (ECF No. 1-1). Further, the statute is "sufficiently clear that a normally intelligent person could ascertain its meaning and would be given fair notice of whether or not his conduct is forbidden." *Mechanic*, 454 F.2d at 854.

### ii. The Indictment does not lack in Specificity and Provides Sufficient Notice

As noted above, Maxwell asserts that Count One "fails to provide any insight into what acts Mr. Maxwell is alleged to have committed or attempted to commit to obstruct, impede, or interfere with this mysterious victim" (ECF No. 44 at 4). This complaint misunderstands the purpose of an indictment and the low bar an indictment must clear to satisfy the federal rules and Constitution. As the D.C. Circuit explained in *United States v. Haldeman*, 559 F.2d 31 (D.C. Cir. 1976), "[a]lthough an indictment must – in order to fulfill constitutional requirements – apprise the defendants of the essential elements of the offense with which they are charged, neither the Constitution, the Federal Rules of Criminal Procedure, nor any other authority suggests that an indictment must put the defendants on notice as to every means by which the prosecution hopes to prove that the crime was committed." *Id*. at 124. Indeed, "the validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). "While detailed allegations might well have been required under common-law pleading rules, . . . they surely are not contemplated by Rule 7(c)(1), which provides that an indictment 'shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007). As a mere notice pleading, an indictment is sufficient if it "contains the elements of the offense charged and fairly informs a

defendant of the charge against which he must defend." *Id*. at 108; *Haldeman*, 559 F.2d at 123 ("The validity of alleging the elements of an offense in the language of the statute is, of course, well established."). Only in the rare case in which "guilt depends so crucially upon . . . a specific identification of fact" not included in the statutory language will an indictment that restates the statute's language be insufficient. *Haldeman*, 559 F.2d at 125 (quoting *Russell v. United States*, 369 U.S. 749, 764 (1962)).

Applying these principles, judges in this District have upheld the sufficiency of indictments far less specific than Maxwell's. For example, in *United States v. Apodaca*, 275 F. Supp. 3d 123 (D.D.C. 2017), the defendants were charged with offenses under 18 U.S.C. § 924(c). The indictment provided only "general detail as to the places where the offenses were committed: namely, Mexico and the United States." *Id*. at 154. As to the "when" of the offenses, the indictments alleged that the offenses had occurred over a two- and nine-year period. *Id*. Finally, the indictments "d[id] not specify a particular weapon that was possessed," or "specify whether the firearms were 'used, carried or brandished'" under the statute. *Id*. Nonetheless, the indictments were sufficient. *Id*. at 153-54.

All the elements of each offense are properly alleged in the indictment, which by itself identifies the criminal conduct with which he is charged. And the indictment provides sufficient information to fairly inform him of those offenses. Maxwell knows the exact day on which the alleged crime occurred: January 6, 2021, which is alleged in not only Count One, but all seven counts of the Indictment. (ECF No. 24, at 1-2). He also knows that all charged conduct occurred in this District. *Id*. Count One and relates specifically to an existing civil disorder and to a law enforcement officer engaged in the performance of official duties. *Id*. And the statutes charged are not so unusually vague that they require allegations beyond the elements of the offenses.

Maxwell alleges that the indictment does not explain "the actions that it believes Mr. Maxwell committed constitute violations of federal law." (ECF No. 44 at 4). But this "complaint seems to result . . . from a general misunderstanding of the purpose of the indictment and, especially, from an inflated notion of what must be included therein." *Haldeman*, 559 F.2d at 124. As the D.C. Circuit concisely explained in rejecting the same argument in *Verrusio*:

> Verrusio contends that Count Two of the indictment failed to allege an official act because it failed to say "how Mr. Verrusio was going to use his position" to help United Rentals . . . . The indictment certainly need not allege precisely how Verrusio contemplated [committing the crime]. Would he do it by himself or ask someone else to do it? Would that someone else be Colonel Mustard or Professor Plum? With a candlestick or a rope, in the library or the study? Answering those questions is not required at the indictment stage.

762 F.3d at 14–15; *see also United States v. Williamson*, 903 F.3d 124, 131 (D.C. Cir. 2018) (affirming denial of a motion to dismiss a count charging the defendant with making a threat against a federal law enforcement officer "with intent to retaliate against such . . . officer on account of the performance of official duties," 18 U.S.C. § 115(a)(1)(B), because the "statute speaks in terms of a threat made 'on account of the performance of official duties,' not to draw attention to a particular official duty, but instead to assure that the threat generally relates to the officer's performance of official duties rather than to a personal dispute having nothing to do with the officer's job functions"). The defendant's specificity argument fails.

### B.  Section 231 does not violate the First Amendment

Maxwell also contends that § 231(a)(3) is unconstitutionally overbroad under the First Amendment.  (ECF No. 44 at 5-11.)  Maxwell makes no mention of his own conduct on January 6, 2021, much less explain how charging him with a violation of 231(a)(3) undermined his own First Amendment rights that he intended to exercise that day.  Rather, his argument presents only facial challenges to the statute that do not depend in any way on their application to this case.  Indeed, he does not even address the differences between

"as applied" and facial First Amendment challenges.[3]

As every other judge in this district who has addressed this claim has held, this claim fails. A criminal law is facially overbroad only if "'a substantial number' of its applications are unconstitutional, 'judged in relation to the statute's plainly legitimate sweep.'" *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 n.6 (2008) (quoting *New York v. Ferber*, 458 U.S. 747, 769-71 (1982)); *see also United States v. Williams*, 553 U.S. 285, 293 (2008); *Grayned v. City of Rockford*, 408 U.S. 104, 114 (1972). A facial overbreadth challenge faces a steep climb when the statute focuses mainly on conduct, as § 231(a)(3) assuredly does. *See Virginia v. Hicks*, 539 U.S. 113, 119 (2003) (noting the "substantial social costs created by the overbreadth doctrine when it blocks application of a law to ... constitutionally unprotected conduct").

Judge Berman Jackson recently rejected an overbreadth challenge to § 231(a)(3). *See United States v. Riley Williams*, 21-cr-0618, 2022 WL 2237301, at *6-7 (D.D.C. June 22, 2022). Judge Berman Jackson noted that "[i]n the past year, at least four other courts in this district have considered whether section 231(a)(3) is overbroad on its face, and all have concluded it is not." *Id.* at *6.[4] Judge Berman Jackson "agree[d] with the reasoning

---

[3] One raising a facial challenge must establish "that no set of circumstances exists under which [the challenged statute] would be valid or that the statute lacks any plainly legitimate sweep." *United States v. Stevens*, 559 U.S. 460, 472 (2010). The person challenging the statute need not show injury to himself. *See Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 958 (1984). On the other hand, to prevail on an as-applied First Amendment challenge, the person challenging the statute must show that the regulations are unconstitutional as applied to their particular speech activity. *See Members of City Council of L.A. v. Taxpayers for Vincent*, 466 U.S. 789, 802-03 (1984); *accord, Edwards v. D.C.*, 755 F.3d 996, 1001 (D.C. Cir. 2014).

[4] Citing McHugh, 2022 WL 296304, at *17; Mostofsky, 2021 WL 6049891, at *8–9; Nordean, 2021 WL 6134595, at *17; and Gossjankowski, 2022 WL 782413, at *3. Judge Berman Jackson also cited three out of district cases that reached the same result. 2022 WL 2237301, at *6, citing United States v. Howard, 21-cr-28 (PP), 2021 WL 3856290, at *11-12 (E.D. Wis. Aug. 30, 2021); United States v. Phomma, 561 F. Supp. 3d 1059, 1067-68 (D. Or. 2021); and United States v. *Wood*, 20-cr-56 (MN), 2021 WL 3048448, at *7-8 (D. Del. July 20, 2021).

in those decisions." *Id*. "First, the statute plainly covers conduct, not speech, as it criminalizes 'any *act* to obstruct, impede, or interfere with' a law enforcement officer engaged in the performance of official duties, and the terms 'obstruct, impede, or interfere with' are all plainly understood and must be supported by the facts in any particular case." *Id*. (emphasis added). "Although some 'acts' could also serve an expressive function, and one could come up with a hypothetical scenario in which the alleged interference involved particularly obstreperous speech, the law does not require dismissing a charge merely because there is a possibility that the provision could reach some constitutionally protected activity." *Id*. "Since section 231(a)(3) does not 'make unlawful a substantial amount of constitutionally protected conduct,' it is not overbroad on its face." *Id*. (citing *City of Houston v. Hill*, 482 U.S. 451, 459 (1987)).

Judge Berman Jackson also noted that "a *scienter* requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." *Id*. at *7 (quoting *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 499 (1982)). She concluded that § 231(a)(3) "only criminalizes acts performed 'to obstruct, impede, or interfere with' a law enforcement officer," "in other words, the statute requires obstructive intent." *Id*. *See also Nat'l Mobilization Comm. to End War in Viet Nam v. Foran*, 411 F.2d 934, 937 (7th Cir. 1969) ("It is true that section 231(a)(3) does not specifically refer to intent, but it only applies to a person who 'commits or attempts to commit any act to obstruct, impede, or interfere' with firemen or law enforcement officers."); *United States v. Mechanic*, 454 F.2d 849, 854 (8th Cir. 1971) (agreeing with *Foran* "that § 231(a)(3) must be construed to require intent"). Other judges of this district are in accord. *See Mostofsky*, 2021 WL 6049891, at *8 (rejecting

overbreadth challenge to § 231(a)(3)); *Nordean*, 2021 WL 6134595, at *16-18 (§ 231(a)(3) is neither vague nor overbroad); *McHugh*, 2022 WL 296304, at *13 (same). Those decisions are consistent with the applicable overbreadth principles. In the typical case, a litigant bringing a facial constitutional challenge "must establish that no set of circumstances exists under which the [law] would be valid," or the litigant must "show that the law lacks a plainly legitimate sweep." *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2387 (2021) (quotation omitted). In the First Amendment context a litigant must demonstrate that "a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Id*. (cleaned up). Refusing to enforce a statute because of overbreadth concerns is "strong medicine," and courts will refuse to enforce the statute on such grounds "only as a last resort." *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973). "Rarely, if ever, will an overbreadth challenge succeed against a law or regulation that is not specifically addressed to speech or to conduct necessarily associated with speech," *Virginia v. Hicks*, 539 U.S. 113, 124 (2003).

Finally, Maxwell's claim fails because he is not charged based on his speech but his illegal actions. *Mostofsky*, 2021 WL 6049891, at *12 (rejecting a January 6 defendant's First Amendment claim noting "Mostofsky is not being charged for his views or his expression of them; rather, it is his actions in entering a restricted area in an alleged effort to impede the Electoral College certification that has landed him under indictment — actions that wearing a fur vest had nothing to do with"). Maxwell has given this Court no reason to depart from the unanimous holdings of other judges in this district and elsewhere; Section 231(a)(3) is neither vague nor unconstitutionally overbroad and should not be dismissed.[5]

---

[5] Nor should the Court credit Defendant St Cyr's argument that the separation of powers doctrine would force the Court to invalidate the entirety of Section 231(a)(3). Because the statute is neither vague nor overbroad, the Court

I.      **Counts Two and Three Properly State The Offense And Do Not Lack Specificity**

Maxwell's claim that Counts Two and Three does not "provide any specific allegations regarding the supposed "act" committed by Mr. Maxwell, identify the alleged victim, or state what official duties he or she was engaged in at the time of the alleged offense." (ECF No. 44, at 11-12) fails.  As noted *supra*, Maxwell has been provided with extensive discovery, including video footage of his assaultive conduct at the Capitol on January 6. He thus cannot claim that he is, for example, unable to determine what acts form the basis for the charges. The answer is apparent from the discovery.  Further, the identity of Maxwell's alleged victims is not an element of the offense of assaulting, resisting, or impeding certain officers in violation of 18 U.S.C. § 111(a)(1).

Maxwell relies on a 1970 case from the First Circuit, *U.S. v. Tomasetta,* as the basis of his argument.  However,  Judge Hogan rejected these same arguments, while citing to *Tomasetta*, in *United States v. Sargent*, No. 21-cr-258, 2022 WL 1124817 at *2 (D.D.C. April 14, 2022). Count Two of Sargent's indictment alleged violations of Section 111(a) using identical language to that in Maxwell's Indictment. Sargent moved to dismiss, arguing that the indictment language lacked necessary factual detail. As for the Section 231(a)(3) charge, Judge Hogan found this language "fairly informs the defendant of the charge against which he must defend" and these allegations were "detailed enough that, if proven, a jury could find that the defendant committed Civil Disorder as charged" *Sargent*, ECF No. 50, at 5-7. As for the Section 111(a) charge, Judge Hogan found this language "contains all facts necessary for the jury to find defendant violated 18 U.S.C. § 111(a)(1)." *Id*. at 13.

---

need not conduct any rewriting, and thus, no separation of powers concern exists.

Second, the requirements of the Constitution and Rule 7 of the Federal Rules of Criminal Procedure are satisfied in Maxwell's indictment. As discussed above, an allegation is generally sufficient if it "contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Thus, the Supreme Court in *Resendiz-Ponce* concluded that "it was enough" for an indictment to "point to the relevant criminal statute"—an illegal re-entry offense—and allege that "on or about" a certain date, the defendant attempted to enter the United States near a certain location in the District of Arizona. 549 U.S. at 108 (cleaned up). Similarly, the D.C. Circuit upheld as sufficient an indictment alleging a threat against a federal officer that "echoe[d] the operative statutory text while also specifying the time and place of the offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). Yet the *Pugh* court faulted the Section 231(a)(3) allegation in the original indictment because it lacked additional specific information not required under the Constitution or Rule 7. *See Pugh*, 2021 U.S. Dist LEXIS 177266 at *28 (noting the absence of "information" that "establishe[d]" (1) that a civil disorder existed at the time of the defendant's conduct, (2) the way in which the civil disorder adversely affected commerce; (3) that law enforcement officers were lawfully responding to the civil disorder; and (4) the "conduct or some other means to relay *exactly* what Pugh allegedly did") (emphasis added).

Although some cases involve a crime "that must be charged with greater specificity," *Resendiz-Ponce*, 549 U.S. at 190, this is not one of them. The paradigmatic example comes from *Russell v. United States*, 369 U.S. 759 (1962), where the defendant was charged under a statute that makes it a crime for a witness called before a congressional committee to refuse to answer any question "pertinent to the question under inquiry." 2 U.S.C. §192. The indictment's failure in *Russell* to identify the subject of the congressional hearing rendered it insufficient because "guilt"

under that statute "depend[ed] so crucially upon such a specific identification of fact." *Russell*, 369 U.S. at 764. That feature is not present here because guilt under Section 231(a)(3)—or under any of the other charges that the defendant here faces—does not depend on any such "specific identification of fact." *See Resendiz-Ponce*, 549 U.S. at 110 (not applying *Russell* to the illegal re-entry statute at issue in that case because guilt did not turn upon "a specific identification of fact"); *Williamson*, 903 F.3d at 131 (not applying *Russell* to statute criminalizing threats against federal officers); *see also United States v. Apodaca*, 275 F. Supp. 3d 123, 153 n.17, 154-56 (D.D.C. 2017) (not applying *Russell* to statute criminalizing use of firearms in connection with drug trafficking crimes).

In rejecting Sargent's motion to dismiss, Judge Hogan specifically chose not to follow *Tomasetta*, and instead, found the reasoning of *United States v. Phomma*, No. 20-CR-465-JO, 2021 WL 4199961 (D. Or. Sept. 15, 2021) more instructive. In *Phomma*, the district court rejected a sufficiency challenge to an indictment that, as here, closely mirrored the language of Section 231(a)(1). As in this case, the *Phomma* indictment alleged that the offense was committed on or about a specific date (there, August 26, 2020), and that the offense was committed in a specific district (there, the District of Oregon). *Phomma*, 2021 U.S. Dist. LEXIS 175489 at *18. The court found that although the indictment "[did] not allege the specific facts of the defendant's conduct," it "track[ed] the wording of the statute." *Id.* at *20. This was enough for the indictment to survive a sufficiency challenge because that statutory wording "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Id.* (quoting *Hamling*, 418 U.S. at 117). Indeed, as the court noted, "bare-bones" charging instruments, which merely recite the statutory language, are "common" and "entirely permissible" in such circumstances. *Id.* (citing *United States v. Woodruff*, 50 F.3d 673, 676 (9th

Cir. 1995)).  For all of these reasons, Maxwell's argument that Counts Two and Three of the Indictment should be dismissed, fails.

**II.      Counts Four, Five, Six, and Seven Properly State The Offense And Do Not Lack Specificity**

Maxwell's objections to Counts Four, Five, Six, and Seven are identical, in large part, to the arguments he advanced in opposition to Count One and Two regarding the specificity of the charges indicted. However, as detailed above, and as the Court has previously explained, an indictment is sufficient if it tracks the language of the statute while also specifying the time and place of the offense. Like counts One and Two, Counts Four, five, Six, and Seven of the Indictment do just that. Moreover, the indictment informs Maxwell of the charges against him, the time and place where they alleged offenses occurred, and again, which he must defend and sufficiently protects against double jeopardy. Further, the government has provided extensive discovery that will allow the Defendant to adequately prepare for trial. Accordingly, Maxwell's arguments urging the Court to dismiss Counts Four, Five, Six, and Seven also fails.

## **CONCLUSION**

For the foregoing reasons, Maxwell's motion to Dismiss the Indictment should be

denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    /s/ *Elizabeth N. Eriksen*
ELIZABETH N. ERIKSEN
VA Bar No. 72399
Trial Attorney, Criminal Division
U.S. Department of Justice
Detailed to DC USAO
Tel: (202) 616-4385
Email: Elizabeth.Eriksen@usdoj.gov