UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No. 1:22-CR-99-RJL |
| | : | |
| **v.** | : | |
| | : | |
| **JAKE MAXWELL,** | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW the Defendant, Jake Maxwell ("Mr. Maxwell"), by and through counsel, Michael T. van der Veen and William J. Brennan, hereby submits this Sentencing Memorandum for this Honorable Court's consideration prior to and during the sentencing of Defendant and in support thereof avers as follows:

1. On or about March 25, 2022, Mr. Maxwell was indicted on one (1) count of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); two (2) counts of Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1); one (1) count of Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); one (1) count of Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); one (1) count of Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4); and one (1) count of Acts of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F).

2. On November 14, 2023, following a bench trial before the Honorable Richard Leon, Defendant was found guilty of one (1) count of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); one (1) count of Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); and one (1) count of Disorderly and Disruptive Conduct in a

Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2). Defendant was found not guilty of the remaining four (4) charges.

3. Sentencing in this matter is currently scheduled for April 29, 2024, at 4:00 P.M.

4. When determining the appropriate sentence this Court is not required to impose the recommended guideline range; rather, this Court must impose "a sentence sufficient, but not greater than necessary" to comply with 18 U.S.C. § 3553. The recommended guideline range is only one of the factors that a Court should consider when imposing a sentence. *Gall v. United States*, 552 U.S. 38, 59 (2007). *See also Kimborough v. United States*, 552 U.S. 85, 90-91 (2007); *United States v. Booker*, 543 U.S. 220, 245 (2005). The United States Supreme Court further instructed the district courts to "impose a sentence sufficient, but not greater than necessary" to accomplish the goals of sentencing" and to consider the factors laid out in 18 U.S.C. § 3553. *Kimborough*, 552 U.S. at 101 (citing 18 U.S.C. § 3553(a)).

5. Although all federal crimes are serious, "the punishment should fit the offender and not merely the crime." *Pepper v. United States*, 131 S. Ct. 1229, 1240 (2011).

## I. SENTENCING GUIDELINES[1]

6. The advisory sentencing guidelines as follows:

**Count 1- Civil Disorder**

Base; U.S.S.G. §§ 2A2.4:                                                                 10

---

[1] Defense counsel understands that the U.S. Probation Office and the Government agree to different Guidelines for the aforementioned offenses and raised objections to these calculations in our previous filing (ECF 79). To emphasize Mr. Maxwell's objection to the base level offense for Civil Disorder, Defense counsel submits that USSG § 2A2.4 is not appropriate. 2A2.4(c)(1) demands that "[i]f the conduct constituted aggravated assault, apply § 2A2.2 (Aggravated Assault)." Mr. Maxwell was found not guilty by this Honorable Court on each and every charge that contained elements of violence, namely: Assaulting, Resisting, or Impeding Certain Officers; Engaging in Physical Violence in a Restricted Building or Grounds; Acts of Physical Violence in the Capitol Grounds or Buildings. As such, the proper Base Level Offense as it relates to Civil Disorder is § 2A2.4, **not** 2A2.2. As outlined at length in Defendant's Pre-Sentence Report Objections, Defendant objects to each and every enhancement sought by the U.S. Probation Office and the Government.

| | |
|---|---:|
| Acceptance of responsibility; §3E1.1(a): | - 2 |
| True Zero Adjustment; §§4C1.1: | - 2 |
| TOTAL OFFENSE LEVEL: | 6 |

7. Mr. Maxwell is in Criminal History Category I. The guideline for an offense level 6 with a Criminal History Category I is an advisory sentencing range of 0-6 months imprisonment.

## II. SENTENCING GUIDELINES

8. When determining the appropriate sentence of Mr. Maxwell, this Honorable Court must consider the factors in 18 U.S.C. § 3553(a), including:

1) the nature and circumstances of the offense and the history and characteristics of Mr. Maxwell;

2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant and to provide the defendant with the needed educational or vocational training, medical care or other correctional treatment in the most effective manner;

3) the kinds of sentences available;

4) the need to provide restitution to any victims of the offense;

5) the pertinent policy statements issued by the Sentencing Commission;

6) the need to avoid unwarranted sentencing disparities; and

7) the sentencing ranges promulgated by the Sentencing Commission and Guidelines.

18 U.S.C. § 3553(a)(1)(2)(3)(4)(5)(6)(7); *Booker*, 543 U.S. at 245.

## A. Mr. Maxwell's History and Characteristics

9. Mr. Maxwell is a twenty-three (23) year old young man.

10. Mr. Maxwell has no children but is a loving son and brother.

11. Mr. Maxwell's mother, Lori Cohen, is alive and in good health. Ms. Cohen resides in Illinois. Mr. Maxwell's father, Dennis Shane Maxwell, is also alive and in good health, and is who Mr. Maxwell permanently resides with. Mr. Maxwell's parents separated when he was very young, but both of his parents were present throughout Mr. Maxwell's trial.

12. Mr. Maxwell has two (2) siblings: Shannon Maxwell, 24, and Branson Cohen, 5.

13. Additional information pertaining to Mr. Maxwell's upbringing will be provided in a mitigation supplement by April 24, 2024.

14. Mr. Maxwell comes before Your Honor, having been found guilty of three (3) offenses and seeks leniency. While Mr. Maxwell asserted his right to a trial, it still holds true that Mr. Maxwell accepted responsibility for his actions that occurred on January 6th, 2021. Notably, when asked if he regretted entering the Capitol Grounds, Mr. Maxwell confirmed he did. *See* N.T., 11/9/23, p. 322. Mr. Maxwell further testified that he should have known he wasn't supposed to be there, and he regrets being at the Capitol on January 6, 2021. *See Id*., at pp. 305 and 322.

**B. Nature of the Offense**

15. Mr. Maxwell was found guilty of three (3) offenses, one (1) Felony and two (2) Misdemeanors. Specifically, Mr. Maxwell was found guilty of one (1) count of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); one (1) count of Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); and one (1) count of Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2).

**C. Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment for the Offense, Afford Adequate Deterrence to Criminal Conduct, Protect the Public from Further Crimes of the Defendant and to Provide the Defendant with the Needed Educational or Vocational Training, Medical Care in the Most Effective Manner.**

16. The sentence imposed must reflect the seriousness of the crimes committed. Given the severity of even the minimum sentence in this matter, the Court can be assured that goal will be accomplished. Importantly, while Mr. Maxwell was present on January 6, 2021 at the Capitol Grounds, Mr. Maxwell did not go inside the Capitol building nor inside the tunnel, which the Government declares was where the most serious violence occurred that day.

17. While Mr. Maxwell maintains his innocence for all of the crimes for which he was charged, he has accepted responsibility and conceded that he should have known his presence at or near the Capitol on January 6th, 2021, was improper.

18. Even at a very young age, Mr. Maxwell is a successful business owner and is well respected in the community. Evidence of this is demonstrated in the enclosed character letters.

19. Mr. Maxwell seeks mercy from this Honorable Court, and asks that his sentence allow him to remain present with his family and allow him to continue working and contributing to society as a whole.

20. Mr. Maxwell comes before Your Honor with no prior criminal history, and this Honorable Court can be assured that this experience, and any sentence Your Honor imposes, will be an ultimate deterrent for any future offenses.

21. Finally, Mr. Maxwell is not a danger to the community at large. Mr. Maxwell has many loved ones who have been, and are currently, supporting him through this entire ordeal, and will continue to do so throughout his sentence and thereafter. Notably, Mr. Maxwell had friends and family members from many different states come to Washington, D.C., to support him during the entirety of his trial through verdict. Not only did he have friends and family support him at trial,

he had friends and family testify on his behalf during the proceedings. Specifically, Ms. Sandra Zimmerman testified that in the ten (10) years she has known Mr. Maxwell in her business and general community, she has known him to be a truthful, peaceful, and law-abiding citizen. N.T. 11/8/23, p. 177-178. Mr. Slate Moore, a minister who has known Mr. Maxwell all of his life, testified that he knows Mr. Maxwell in his family community to have a reputation of being a peaceful, truthful, and law-abiding man. *Id*. at 186-188. Lastly, Mr. Ronald Johnson, a United States Secret Service agent, testified that since he met Mr. Maxwell in 2019, he has known his reputation in the community to be that of a peaceful, truthful, and law-abiding citizen. *Id*. At 193-195. Agent Johnson even went on to say that Mr. Maxwell is "very upstanding." *Id*. at 196.

22. This Honorable Court should find that: (1) Mr. Maxwell's incredibly strong support system; (2) Mr. Maxwell's devotion to his livelihood and family; (3) Mr. Maxwell's desire to work and contribute to society; and (4) Mr. Maxwell's crime-free past justifies a probationary sentence, without diminishing the gravity of the offenses.

### D. The Kinds of Sentences of Available

23. This Court has complete discretion in determining the appropriate sentence. The offense that brings Mr. Maxwell before Your Honor for sentencing, with the appropriate reductions included, has an Offense Level of 6. Therefore, this Offense falls within Zone A of the US Sentencing Guidelines. "If the applicable guideline range is in Zone A of the Sentencing Table, a sentence of imprisonment is not required, unless the applicable guideline in Chapter Two expressly requires such a term." USSG § 5C1.1(b).

24. Furthermore, pursuant to USSG § 5C1.1, "[i]f the defendant received an adjustment under §4C1.1 (Adjustment for Certain Zero-Point Offenders) and the defendant's applicable

guideline range is in Zone A or B of the Sentencing Table, a sentence other than a sentence of imprisonment, in accordance with subsection (b) or (c)(3), is generally appropriate."

25. Mr. Maxwell comes before Your Honor as a true Zero-Point Offender, and therefore, a sentence other than imprisonment is an appropriate sentence.

### E. The Need to Provide Restitution to Any Victims of the Offense

26. Mr. Maxwell acknowledges there were many individuals on January 6, 2021, who were present at the Capitol for evil and with the intent to destroy and hurt others, as well as property; however, Mr. Maxwell maintains that is not why he was present at the Capitol. Mr. Maxwell is cognizant that there were many victims as a result of the events that occurred on January 6, 2021, and while no monetary amount can ever make the injured individuals whole, there is a monetary amount that can assist in rebuilding the Capitol.

27. Mr. Maxwell is aware that there is a necessary imposition of restitution. Accordingly, Mr. Maxwell requests that this Honorable Court sentence him to pay the minimum amount of $1,000.00, as outlined in USSG §5E1.2.

28. Lastly, Mr. Maxwell respectfully requests leave to supplement this sentencing Memorandum with additional mitigation as it becomes available.

## II. CONCLUSION

Considering the foregoing factors, Mr. Maxwell respectfully requests this Honorable Court to vary from the applicable guideline range and sentence Mr. Maxwell to a period of probation that this Court deems appropriate.

Respectfully Submitted,

Date: April 22, 2024                    /s/ Michael T. van der Veen
Michael T. van der Veen
Attorney for Defendant
Pennsylvania Bar No. 75616
van der Veen, Hartshorn, and Levin
1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
F: (215) 546-8529
mtv@mtvlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of April, 2024 a copy of the foregoing *Sentencing Memorandum* was electronically filed with the Clerk of the United States District Court using CM/ECF, with a notice of said filing to the following:

Counsel for the Government:  Elizabeth N. Eriksen
1301 New York Ave., N.W., Room 849
Washington, DC 20530
P: (202) 616-4385
Elizabeth.Eriksen@usdoj.gov

<u>/s/ Michael T. van der Veen</u>
Michael T. van der Veen, Esq.